# PROVIDENCE COUNTY.

—♦—

## JOHN KING *vs.* LORENZO D. MILLARD.

Agreement whereby A., for money received "for one undivided quarter interest in" certain land, agreed to pay over to B. "one quarter of the net proceeds of any sale or sales whenever I may make sale or sales of" such land.

*Held*, that B. was entitled to his share of the proceeds of sale after the whole land had been sold by A., and that B. was not entitled to a conveyance from A. of one undivided fourth part of the land itself.

BILL IN EQUITY for specific performance and an injunction. On demurrer to the bill.

*December* 10, 1886. PER CURIAM. The bill sets forth in substance that, on April 4, 1872, the defendant was the owner in fee simple of a tract of land in South Providence, and that he sold to the complainant one quarter part thereof for $3,871.95, then and there paid to him by the complainant, and then and there gave to the complainant a memorandum, as follows: —

" PROVIDENCE, *April* 4, 1872.

" Received of John King three thousand eight hundred and seventy-one dollars and ninety-five cents in full for one undivided quarter interest in and to a certain lot of land (with improvements) situated in ninth ward, at corner of Eddy Street and Pavilion Avenue, city of Providence, containing 85,980 square feet, which I recently purchased of Thomas Leach, agreeing to pay over to him, said John King, one quarter of the net proceeds of any sale or sales whenever I may make sale or sales of above described property.                          L. D. MILLARD.

The bill further sets forth, that the complainant has frequently requested the defendant to convey to him one undivided quarter part of the lot, and that the defendant has neglected and refused to do so; and further, that the defendant has advertised the whole of the lot for sale at public auction. The bill prays for an injunction restraining the sale, and for a decree directing the defendant to convey to the complainant one undivided quarter part of the lot. The defendant demurs to the bill.

The question upon the case stated by the bill is, whether the complainant is entitled to a conveyance of an undivided quarter of the lot, or only to one quarter part of the proceeds resulting from the sale of the lot, the lot being sold.

As we understand the bill, the complainant claims simply by virtue of the memorandum above set forth, and his right depends upon the construction to be given to the memorandum.

We think it is very clear that the meaning of the memorandum is that the defendant shall continue to hold the land and sell it for the mutual benefit of himself and the complainant, and that the

complainant shall have only his quarter of the proceeds. The language is that the money is received, not for an undivided quarter part of the lot, but for an undivided quarter interest, and the subsequent part of the memorandum, particularly the words " agreeing to pay over to him " . . . " one quarter of the net proceeds " . . . " whenever I may make sale," makes it evident that the complainant was to receive his interest only after the sale of the entire estate in the land. Such sale could only be made by the defendant in case he retained the whole title.

*Demurrer sustained.*

*Simon S. Lapham & Joseph S. G. Cobb,* for complainant.
*Henry J. Dubois,* for respondent.